IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

H&L ASSOCIATES OF
KANSAS CITY, LLC,

*Plaintiff,*

vs.

Case No. 12-CV-2713-EFM-DJW

THE MIDWESTERN INDMENITY
COMPANY,

*Defendant.*

**MEMORANDUM AND ORDER**

This case involves an insurance dispute between Plaintiff H&L Associates of Kansas City, LLC ("H&L Associates") and Defendant The Midwestern Indemnity Company ("Midwestern Indemnity") regarding Plaintiff's claim for coverage under a commercial property insurance policy issued by Defendant. Plaintiff asserts four claims against Defendant: breach of contract (Count I), vexatious refusal (Count II), breach of duty of good faith and fair dealing (Count III), and willful and wanton misconduct (Count IV). Defendant has moved to dismiss Counts III and IV of the Complaint (Doc. 10). For the following reasons, the Court grants in part and denies in part Defendant's motion.

# I. Factual and Procedural Background

Plaintiff H&L Associates is a Missouri limited liability company with an office in Kansas. H&L Associates's members are citizens of Kansas, Colorado, Florida, and New York. Defendant Midwestern Indemnity is an insurance company organized under Ohio law with its principal place of business in Loveland, Ohio.

Plaintiff is the owner of commercial property located in Kansas City, Missouri (the "Subject Property"). Defendant issued a commercial property insurance policy (the "Insurance Policy") effective from October 27, 2011, to October 27, 2012, to Plaintiff for the Subject Property. On or about April 6, 2012, the roof of the Subject Property collapsed. Plaintiff subsequently filed a claim with Defendant under the Insurance Policy, which Defendant denied. On October 30, 2012, Defendant filed suit against Plaintiff in the United States District Court for the Western District of Missouri, styled *The Midwestern Indemnity Company v. H&L Associates of Kansas City, LLC*, No. 12-1315-BP, seeking a declaratory judgment regarding insurance coverage relating to the property damage and business loss at the Subject Property. That action was dismissed on January 22, 2013.

Plaintiff initiated this lawsuit on November 7, 2012, asserting four claims against Defendant. Count I, titled "Breach of Contract," asserts that Defendant breached the Policy by "refus[ing] to pay the claim of [Plaintiff] under the Insurance Policy."[1] Count II, titled "Vexatious Refusal," claims that "Midwestern Indemnity has refused without just cause or excuse to pay the full amount of [Plaintiff's] loss under the Insurance Policy."[2] Count III, titled "Breach of Duty of Good Faith and Fair Dealing," claims that Defendant was charged with the

---

[1] Complaint, Doc. 1, p. 7.

[2] *Id.* at p. 8.

duty of good faith and fair dealing as a party to the Policy and that Plaintiff breached this duty by denying Plaintiff's claim, by lulling Plaintiff into a false sense of security regarding its review of claim-related materials, by filing preemptive litigation against Plaintiff in the Western District of Missouri on October 30, 2012, and by wrongfully cancelling Plaintiff's policy. Finally, Count IV, titled "Willful and Wanton Misconduct," asserts that Defendant had a duty to make a careful examination of the Subject Property to verify that it was insurable in its existing condition and failed to sufficiently inspect the Subject Property with the intent to deprive Plaintiff of its "ability to pursue an insurance claim in the event of a roof collapse."[3] Defendant has filed a Motion to Dismiss Counts III and IV ("Breach of Duty of Good Faith and Fair Dealing" and "Willful and Wanton Misconduct," respectively) on the basis that these claims are tort claims that are dependent upon, and cannot be separated from, Plaintiff's "Breach of Contract" claim.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[4]  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to

---

[3]     *Id*. at p. 11.

[4]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5]     *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

state a claim for which relief may be granted."[6] In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[7] All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[8] Allegations that merely state legal conclusions, however, need not be accepted as true.[9]

### III. Analysis

#### A. Count III- Breach of Duty of Good Faith and Fair Dealing

Defendant contends that Plaintiff is barred from bringing Count III of its Complaint because Plaintiff cannot assert a tort theory where its tort actions are based on the same conduct alleged to constitute breach of contract. According to Defendant, Count III is "dependent on and cannot be separated from its breach of contract claim."[10] In response, Plaintiff asserts that Count III is not a tort claim but a contract-based claim for breach of the implied duty of good faith and fair dealing, and thus, is a viable corollary to its breach of contract claim under Kansas law.

##### 1. Choice of Law

Plaintiff contends that Count III is governed by Kansas law. Defendant argues that because Kansas and Missouri law is the same, the choice of law issue need not be addressed. In diversity cases, federal courts apply "the substantive law of the forum state, including its choice

---

[6] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[7] *Iqbal*, 556 U.S. at 678.

[8] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] Defendant's Suggestions In Support of Motion to Dismiss, Doc. 11, p. 2.

of law rules."[11] However, when no conflict of law exists, the Court may simply apply the law of the forum state.[12]

Here, an actual conflict exists between Kansas and Missouri law. Although Kansas courts have not specifically addressed whether a party may bring a contract-based claim for the breach of duty of good faith and fair dealing in the context of a first-party insurance claim, they have held that such duty applies in every contract.[13] The federal district court for the Eastern District of Missouri, however, has found that Missouri law does not recognize a claim for "breach of a covenant of good faith and fair dealing" in the context of a first-party insurance claim.[14] Therefore, the Court will apply Kansas's choice of law rules when determining whether Kansas or Missouri law applies to Count III of Plaintiff's Complaint.

Kansas courts use the First Restatement of Conflict of Laws to resolve choice of law issues.[15] "When the question raised by the contractual dispute goes to the substance of the obligation, Kansas courts apply the primary rule contained in section 332, *lex loci contractus*, which calls for the application of the law of the state where the contract is made."[16] More specifically, in cases involving insurance policies, Kansas courts have found that the law of the

---

[11] *Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 779 (10th Cir. 2004).

[12] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816 (1985).

[13] *Howard v. Ferrellgas Partners, L.P.*, 2011 WL 3299689, at *6 (D. Kan. Aug. 1, 2011) (citing *Law v. Law Co. Bldg. Assocs.*, 42 Kan. App. 2d 278, 285, 210 P.3d 676, 682 (2009)).

[14] *Luechtefeld v. Unumprovident Corp.*, 2006 WL 3257719, at *2 (E.D. Mo. Nov. 9, 2006).

[15] *Moses v. Halstead*, 581 F.3d 1248, 1252 (10th Cir. 2009) (citing *ARY Jewelers, LLC v. Krigel*, 277 Kan. 464, 481, 85 P.3d 1151, 1161 (2004)).

[16] *Id.* (citing *Layne Christensen Co. v. Zurich Canada*, 30 Kan. App. 2d 128, 142, 38 P.3d 757, 766-67 (2002)).

place of contracting will determine "whether [an insured] has a cause of action . . . under the insurance policy."[17]

Kansas courts have generally held that an insurance contract is made where the policy is delivered.[18] Here, the Insurance Policy shows that it was delivered to the insurance broker and the insured (Plaintiff) in Kansas. Therefore, Kansas is the place of contracting and Kansas law governs whether Plaintiff has asserted a valid claim for breach of the duty of good faith and fair dealing against Defendant.

### 2. Sufficiency of Plaintiff's Claim

As noted above, Defendant argues that Plaintiff's claim for "Breach of Duty of Good Faith and Fair Dealing" should be barred because Kansas courts do not recognize a bad faith tort action in the context of a first-party insurance claim. Defendant is correct that Kansas courts do not recognize such claims in the context of a first-party insurance claim.[19] However, in Kansas, insurance policies are typically considered contracts,[20] and Kansas law implies a duty of good faith and fair dealing in every contract.[21] To prevail on such a claim, a plaintiff must (1) "plead a cause of action for "breach of contract," not a separate cause of action for "breach of duty of

---

[17] *Moses*, 581 F.3d at 1252, 1254.

[18] *Layne Christensen*, 30 Kan. App. 2d at 144, 38 P.3d at 767.

[19] *See Spencer v. Aetna Life & Cas. Ins. Co.*, 227 Kan. 914, 926, 611 P.2d 149, 158 (1980) (holding that the tort of bad faith is not recognized in Kansas).

[20] *Aves By and Through Aves v. Shah*, 258 Kan. 506, 511, 906 P.2d 642, 648 (1995) (citing *Catholic Diocese of Dodge City v. Raymer*, 251 Kan. 689, 693, 840 P.2d 456 (1992)).

[21] *Howard*, 2011 WL 3299689, at *6 (citing *Law v. Law Co. Bldg. Assocs.*, 42 Kan. App. 2d 278, 285, 210 P.3d 676, 682 (2009)).

good faith,' " and (2) point to a term in the contract that "the defendant[] allegedly violated by failing to abide by the good faith spirit of that term."[22]

In this case, Plaintiff asserts three bases as to Defendant's breach of the implied duty of good faith. First, Plaintiff alleges that Defendant

> acted in bad faith in denying H&L Associates' claim, as exhibited by its numerous violations of applicable state insurance regulations prohibiting (a) claim denials made without conducting a reasonable investigation based up on all available information; (b) misrepresentations of pertinent facts and insurance policy provisions related to the coverage issue; and (c) failures to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.[23]

Second, Plaintiff alleges that Defendant

> also acted in bad faith by representing to H&L Associates on October 4, 2012 that it would keep H&L Associates advised of its review of claim-related materials, lulling H&L Associates into a false sense of security with this representation, and then refusing to engage in any further communication with Plaintiff and, instead, proceeding to file preemptive litigation against H&L Associates on October 30, 2012.[24]

And, third, Plaintiff alleges that Defendant acted in bad faith "by wrongfully cancelling the Insurance Policy on the basis of 'substantial change in risk' that was occasioned only by Midwestern Indemnity's refusal to properly pay H&L Associates' [sic] claim under the Insurance Policy."[25]

Of these, only the third basis is sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. If Plaintiff can prove that Defendant wrongfully

---

[22] *Id.* (citing *Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1359 (D. Kan. 1996)).

[23] Complaint, Doc. 1, p. 9.

[24] *Id.*

[25] *Id.* at p. 10.

cancelled the insurance policy, then Plaintiff would be entitled to recover for breach of contract. With respect to Plaintiff's first basis, Plaintiff has alleged that Defendant violated various "state insurance regulations" in the course of investigating Plaintiff's insurance claim.[26] These "state insurance regulations" are set forth in K.S.A. § 40-2404, which describes unfair methods of competition in the insurance business. Under Kansas law, the insurance commissioner has the sole authority to enforce these provisions.[27] They do not create a private right of action,[28] and therefore, cannot serve as a basis for Plaintiff's claim.

With respect to Plaintiff's second basis—that Defendant acted in bad faith by representing to Plaintiff that it would keep Plaintiff advised of its review of its claim related materials and then refusing to communicate with Plaintiff and filing preemptive litigation—these allegations are not based on the violation of any term in the Insurance Policy. Therefore, they are not sufficient to state a breach of the duty of good faith and fair dealing claim under Kansas law. Accordingly, the Court finds that Plaintiff has sufficiently plead a breach of the implied duty of good faith and fair dealing claim only to the extent that Plaintiff has alleged that Defendant wrongfully canceled the Insurance Policy.[29] The Court grants Defendant's motions with respect to the remaining allegations set forth in Count III.

---

[26] Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Doc. 12, p. 5.

[27] *See Bonnell v. Bank of Am*. 284 F. Supp. 2d 1284, 1289 (D. Kan. 2003) (finding that K.S.A. § 40-2404 does not create a private right of action).

[28] *Id*.

[29] Notwithstanding the requirement in *Howard v. Ferrellgas Partners, L.P.,* that a claim for breach of the implied duty of good faith and fair dealing should be plead as a breach of contract claim and "not a separate cause of action for 'breach of duty of good faith,' " the Court in *Howard* allowed a claim for breach of implied duty of good faith to proceed even though the plaintiff plead a separate cause of action for breach of contract. 2011 WL 3299689, at *6. The court found that the plaintiff adequately plead a separate cause of action for breach of contract and that his claim for breach of the implied covenant of good faith and fair dealing was appropriate because it "ha[d] its anchor in Count I." *Id*. The Court interprets this to mean that a claim for breach of implied duty of good faith and fair dealing cannot be plead alone but must be anchored in a breach of contract claim. *See also Layne Christensen*

**B.     Count IV- Willful and Wanton Misconduct**

Defendant also asserts that Count IV is deficient because it is dependent on and cannot be separated from Plaintiff's "Breach of Contract" claim. Plaintiff argues in response that its claim is proper because it is based on an independent legal duty imposed on Defendant to appropriately examine and approve the insurable condition of the Subject Property before issuing the Insurance Policy.

**1.     Choice of Law**

Plaintiff contends that Kansas law applies to Count IV of its Complaint, while Defendant again argues that because Kansas and Missouri law are the same, the Court need not decide the choice of law issue. The Court agrees with Defendant that there is no conflict between Kansas and Missouri law. Both Kansas and Missouri law limit when a party may assert a tort claim in addition to a breach of contract claim in the context of a first-party insurance dispute.[30] Therefore, the Court will apply Kansas law in determining whether to allow Count IV to proceed.

---

*Co. v. Bro-Tech Corp.*, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011) (finding that defendant adequately stated a counterclaim for breach of the implied covenant of good faith and fair dealing in addition to its other counterclaims, which included a breach of contract claim). Accordingly, Count III will not be dismissed because it states a separate cause of action for "Breach of Duty of Good Faith and Fair Dealing." The Court notes however, that its ruling does not mean that Plaintiff can recover for both its breach of contract and breach of duty of good faith and fair dealing claims should it prevail on both claims at trial. *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Grp.*, 2003 WL 22149669, at *3 (D. Kan. Aug. 14, 2003) (stating that the plaintiff cannot recover twice for the same harm).

[30]    *Smith v. Hawkeye-Security Ins. Co.*, 842 F. Supp. 1373, 1375 (D. Kan. 1994) (citing *Spencer*, 227 Kan. at 926, 611 P.2d at 928*; Isler v. Texas Oil & Gas Corp.*, 749 F.2d 22, 24 (10th Cir. 1984)); *Overcast v. Billings*, 11 S.W.3d 62, 68-69 (Mo. 2000); *Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 290 (Mo. App. E.D. 2008).

### 2. Sufficiency of Plaintiff's Claim

Under Kansas law, "[t]he existence of a contractual relationship bars the assertion of tort claims covering the same subject matter governed by the contract."[31] However, the existence of a contractual relationship does not preclude a tort action for violation of an independent duty imposed by law.[32] Plaintiff argues that its claim for "Willful and Wanton Misconduct" is sufficiently plead because it alleges Defendant had a separate legal duty to examine the property properly to verify that it was insurable. Specifically, the Complaint alleges that "before it insured the Subject Property, Midwestern Indemnity was charged with a duty to make a careful examination of the property and to verify that the property was, in fact, insurable in its existing condition."[33] Plaintiff argues that because the duty to inspect arose prior to the issuance of the Insurance Policy, it must give rise to an independent tort claim.

The Court disagrees. The duty to inspect the insured property and the obligation to pay benefits for properly insured claims arise out of the Insurance Policy. There is no independent duty or tort, which is evident from Plaintiff's Complaint. Plaintiff alleges that Defendant's conduct "was designed to attempt to conceal what Midwestern Indemnity has now asserted is a limited scope of coverage under the Insurance Policy and/or provide Midwestern Indemnity a

---

[31] *Smith* 842 F. Supp. at 1375 (citing *Spencer*, 227 Kan. at 926, 611 P.2d at 928; *Isler v. Texas Oil & Gas Corp.*, 749 F.2d 22, 24 (10th Cir. 1984)); *see also Graphic Techs. v. Pitney Bowes Inc*., 998 F. Supp. 1174, 1179 (D. Kan. 1998) ("A party may not bring a tort claim based on the same facts alleged in its contract claim if the contract specifically defines the duties of the parties.").

[32] *See, e.g., Malone v. Univ. of Kan. Med. Ctr*., 552 P.2d 885, 888 (Kan. 1976) ("Torts can, of course, be committed by parties to a contract. The question to be determined . . . is whether the actions or omissions complained of constitute a violation of duties imposed by law . . . ."); *Graphic Techs.*, 998 F. Supp. at 1179 ("A party may be liable in tort for breaching an independent duty towards another, even where the relationship creating such duty originates in the parties' contract.").

[33] Complaint, Doc. 1, p. 10.

convenient (although specious) basis for denying coverage in the event of a roof collapse."[34] Plaintiff also alleges that Defendant acted with the intent "to deprive "H&L Associates of its bargained-for coverage and/or the intent to frustrate H&L Associate's ability to pursue an insurance claim . . . ."[35] These allegations relate to the scope of coverage under the Insurance Policy and thus arise out of the same facts as Plaintiff's breach of contract claim. Accordingly, the Court grants Defendant's motion with respect to Count IV of Plaintiff's Complaint.

**IT IS ACCORDINGLY ORDERED** this 25th day of July 2013, that Defendant The Midwestern Indemnity Company's Partial Motion to Dismiss Counts III and IV of Plaintiff's Complaint (Doc. 10) is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[34] *Id.* at p. 11.

[35] *Id.*